## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **TERRANCE WATSON**<br><br>*Plaintiff*,<br><br>v.<br><br>**CLARITY SERVICES, INC.,**<br><br>*Defendant*. | Case Number: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Terrance Watson ("**Mr. Watson**" or "**Plaintiff**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Watson against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Lee County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Terrance Watson

5. Mr. Watson is a natural person residing in Polk City, Polk County, Florida.

6. At all relevant times, Mr. Watson was residing in Polk County, Florida.

7. Mr. Watson is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

8. Clarity is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

9. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10. Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the

practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

11. In or prior to September 2019, Clarity began maintaining a credit file on Mr. Watson. *See* **PLAINTIFF'S EXHIBIT A.**

12. At some point after this, Clarity incorporated credit information belonging to Cimone Watson into its credit file regarding Mr. Watson. *Id.*

13. Thereafter, Clarity's credit file on Mr. Watson stated his name is Cimone Watson and that he is also known as Terrance Watson. *Id.*

14. Mr. Watson has never used nor applied for credit using the name "Cimone Watson."

15. On information and belief, Clarity's file on Mr. Watson is an example of a *mixed file*.

16. A *mixed file* is a credit file that contains information concerning two or more persons rather than the one person about whom it should relate.

17. On information and belief, the *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

18. In an aggressive attempt to match every record reported, Clarity's automated system often erroneously match information to a consumer's credit file with minimal commonalities.

19. Indeed, on information and belief, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

20. These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

21. Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

22. Despite such knowledge, Clarity has declined to correct its systems.

23. Clarity also reported an email address, CIMONE.WATSON**@*****.COM[1] – which clearly belongs to Cimone Watson and not Plaintiff. *Id.*

---

[1] The full email address appears on Mr. Watson's report; for privacy reasons, it has been redacted here.

24. Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

25. The fact Clarity programs its automated systems to insert information which was not actually reported is, on its face, unreasonable.

26. Indeed, Clarity routinely uses procedures which virtually guarantee false, inaccurate, and fabricated data is inserted into consumer credit files.

27. Despite its obligation to utilize reasonable procedures to ensure maximum possible accuracy, Clarity has sold over 25 consumer reports to Mr. Watson's creditors containing another another's name, address, date of birth and email address, banking information and employment history that all do not concern Mr. Watson.

28. Upon learning that Clarity now believes he is also known by another person's name – obviously female and not him – and that Clarity's report contains different contact information, Mr. Watson became very concerned and upset, as Clarity's reports concerning him contain egregiously wrong information.

**Clarity's Errors Directly Effect Credit Scores and Other Scores**

29. One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate

consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited July 22, 2022).

30. The presence of the name "Cimone Watson" combined with what is presumably her personal information being incorporated into Mr. Watson's file, resulted in Mr. Watson's credit applications being falsely flagged as potentially fraudulent.

31. As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Mr. Watson which it sold to many creditors, and potential creditors, as any reasonable procedure would have determined that information about an unrelated individual was mixed with Mr. Watson's data.

32. Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Mr. Watson.

33. Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Cimone Watson) whose information was thereby improperly disclosed.

### Clarity Sells Plaintiff's Data Without Permissible Purpose

34. On or about August 19, 2019, Katapult, formerly Zibby ("Zibby"), a lease-to-own company that provides financing for "shoppers who are overlooked by other payment options", requested a report about Cimone Watson. https://katapult.com/katapult-for-business/ (Last visited July 9, 2024).

35. Zibby clearly stated whom they were asking for a report on, providing Cimone Watson's name, address, phone number, and, in all probability, her Social Security number.

36. In response, Clarity supplied Zibby with reports containing Mr. Watson's personal and private information.

37. Clarity had no reasonable basis to believe Zibby had asked for a report about Plaintiff or that any other permissible purpose to sell Plaintiff's report to these lenders existed, despite a requirement under § 1681b(a)(3) to provide reports only in the event permissible purpose to furnish the report exists.

38. As a result of Clarity's conduct, Mr. Watson has suffered damage to his reputation and loss of credit.

39. Clarity frequently sells reports about consumers to online lenders who requested reports on unrelated individuals and has been sued many times in the past for these actions. See, e.g., *Alexander Gil vs. Clarity Services, Inc.*, case 8:23-cv-00845, M.D. Fla., April 18, 2023 (sale of report of a Florida consumer to online lender requesting report of unrelated Nevada resident); *Donna Ford vs. Clarity Services, Inc.*, case number 4:22-cv-00301-MW-MAF, N.D. Fla., July 2022 (sale of report of a Florida consumer to online lender requesting report of unrelated male Oregon resident as well as an unrelated male Florida resident).

40. Mr. Watson has also suffered severe emotional distress and has spent time and money to correct her file and force Clarity to comply with its statutory obligations, and in procuring counsel.

41. Mr. Watson has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to the firm.

**COUNT I**
**CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**

42. Mr. Watson adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

43. Clarity willfully violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports

sold regarding Mr. Watson, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Mr. Watson's reports, or the inclusion of information regarding false dates of birth.

44. Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

45. Clarity's policies could reasonably be foreseen to cause harm to Mr. Watson.

46. Clarity is thus liable to Mr. Watson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Watson's actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Watson respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Watson's actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3);

c. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### Plead In the Alternative to COUNT I

47. Mr. Watson adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

48. Clarity negligently violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Watson, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Mr. Watson's reports, or the inclusion of information regarding false dates of birth.

49. Clarity's negligence in regard to their policies could reasonably be foreseen to cause harm to Mr. Watson.

50. Clarity acted negligently and is thus liable to Mr. Watson, pursuant to 15 U.S.C. § 1681o, for Mr. Watson's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Watson respectfully requests this Honorable Court enter judgment against Clarity for:

a. Mr. Watson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2);

c. Such other relief that this Court deems just and proper.

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)

51. Mr. Watson adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

52. Clarity willfully violated 15 U.S.C. § 1681b(a)(3) when it furnished reports to Zibby about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

53. Clarity had no reason to believe it had permissible purpose to furnish this report as there are essentially no commonalities between the consumer whom Zibby requested reports on and Plaintiff.

54. Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

55. Clarity is thus liable to Mr. Watson, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Watson's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

56. WHEREFORE, Mr. Watson respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a. The greater of Mr. Watson's actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(a)(3)
## Plead In the Alternative to COUNT III

57. Mr. Watson adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

58. Clarity negligently violated 15 U.S.C. § 1681b(a)(3) when it furnished reports to Zibby about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

59. Clarity had no reason to believe it had permissible purpose to furnish this report as there are essentially no commonalities between the consumer whom Zibby requested reports on and Plaintiff.

60. Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

61. Alternatively, Clarity acted negligently and is thus liable to Mr. Watson pursuant to 15 U.S.C. § 1681o, for Mr. Watson's actual damages, reasonable attorneys' fees, and costs.

62. WHEREFORE, Mr. Watson respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

   a. Mr. Watson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

   c. Such other relief that this Court deems just and proper

## JURY TRIAL DEMANDED

Mr. Watson hereby demands a trial by jury on all issues so triable.

Respectfully submitted on July 10, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No.: 1032167
CCok@SeraphLegal.com
Tel: 813-321-2349
*Lead Attorney for Plaintiff*

/s/ *Thomas Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
Tbonan@SeraphLegal.com
Tel: 813-321-2347
*Attorney for Plaintiff*

Seraph Legal, P.A.,
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A    Clarity's Consumer Report for Mr. Watson, July 2, 2024 – Excerpts